UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAMELLA LAWRENCE, <br><br> Plaintiff, <br><br> v. <br><br> SONY PICTURES ENTERTAINMENT; AMY PASCAL; MICHAEL LYNTON; KAZUO HIRAI; CLINT CULPEPPER; LEONARD VENGER; CHRIS ROCK; AMY BAER; GARETH WIGAN; DEAN CRAIG; CHRIS ROCK ENTERPRISES; JENNIFER L. BROCKETT; MARY HASS; JAMES D. NUYGEN; SONY PICTURES ENTERTAINMENT COMPANY; and DOES 1-5000 inclusive, <br><br> Defendants. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE** <br> **(DOC. NO. 5)** <br><br> Case No. 2:20-cv-00566-DBB-DAO <br><br> Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Pamella Lawrence, proceeding *in forma pauperis*, filed this action on August 3, 2020, against Sony Pictures Entertainment, Amy Pascal, Michael Lynton, Kazuo Hirai, Clint Culpepper, Leonard Venger, Chris Rock, Amy Baer, Gareth Wigan, Dean Craig, Chris Rock Enterprises, Jennifer L.Brockett, Mary Hass, James D. Nuygen, Sony Pictures Entertainment Company, and Does 1-5000.  (Compl., Doc. No. 5.)  Because Ms. Lawrence's complaint fails to state a recognized claim for relief, the undersigned[1] RECOMMENDS the district judge DISMISS the complaint without prejudice.

---

[1] On September 18, 2020, the district judge referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 3.)

1

BACKGROUND

Although the allegations and causes of action in Ms. Lawrence's complaint are hard to discern, she appears to assert claims of copyright infringment, fraud, contempt of court orders, and RICO violations.  (Compl., Doc. No. 5.)  The complaint is styled as a review of an agency decision under the Administrative Procedures Act, and as an appeal of a judgment issued by the United States District Court for the Central District of California, and possibly a request for relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure Rule.  (*Id.*)

Subsequent to the complaint, Ms. Lawrence filed a motion in which she asserts she filed the complaint in the wrong district.  She requests the case be removed to the Ninth Circuit Court.  Ms. Lawrence notes she will refile her complaint in the correct court pursuant to the Administrative Procedures Act.  (Mot., Doc. No. 6, at 5.)  She also asks for return of her court documents.  (*Id.*)

Because it is unclear from Ms. Lawrence's motion what relief she is seeking, the court held a hearing.  However, Ms. Lawrence did not appear for the hearing.  (*See* Doc. No. 8.)  After the date of the hearing, Ms. Lawrence mailed additional documents to the court, consisting mainly of her previous filings in this case, filings from the United States District Court for the Central District of California, and an order from the United States District Court for the District of Arizona.  (Doc. No. 9.)  In the latter order, the court dismissed Ms. Lawrence's complaint on the grounds that it failed to state any claim for relief.  (*Id.* at 10–12.)  The court gave Ms. Lawrence leave to file an amended complaint.  (*Id.*)

LEGAL STANDARD

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend." *Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (unpublished) (alterations in original) (internal quotation marks omitted).

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Because Ms. Lawrence proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has the burden of alleging

sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).  While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

Ms. Lawrence's complaint refers to a number of different court cases.  (Compl., Doc. No. 5, at 3–5.)  Ms. Lawrence alleges Chris Rock and Sony Pictures' attorney "filed forged judgment with the forgery of a federal judge's signature & mis-spelled the judge name" and concealed the misspelling.  (*Id.* at 2.)  Ms. Lawrence also appears to allege the writers of the movie *Death at a Funeral* lied and received Ms. Lawrence's copyrighted works of the same movie in a criminal manner.  (*Id.* at 3.)  The rest of her complaint consists of a largely unintelligible amalgam of various documents and court filings from other jurisdictions.

In her complaint, Ms. Lawrence fails to state a claim for relief.  Indeed, she fails to make clear what relief she is seeking, whether it be a new action, an appeal of a prior decision, or a review of an agency decision.  In Ms. Lawrence's later-filed motion, she mentions a "notice of removal" and states she will refile her complaint with the correct court.  This seems to evince an intent to dismiss proceedings here and proceed elsewhere.  Dismissing this case and allowing Ms. Lawrence to refile permits Ms. Lawrence to file in whichever court she deems can give her the relief she seeks.

RECOMMENDATION

The undersigned RECOMMENDS the district judge DISMISS Ms. Lawrence's case for failure to state a claim. The undersigned further recommends dismissal be without prejudice, to permit Ms. Lawrence to refile her complaint. The court will send copies of this Report and Recommendation to Ms. Lawrence, who the court notifies of her right to object to the same. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Ms. Lawrence must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 1st day of June, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge